**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**

       v.                                    **CR NO. 08-mj-178 (JMF)**

**ALCIDES U. GUERRA-BAUTISTA,**
**LENIN M. ERAZO, and**
**JUAN R. PORTILLO,**

        **Defendants.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendants be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.      On March 6, 2008, at approximately 7:00 PM, defendants Alcides U. Guerra-Bautista, Lenin M. Erazo, and Juan R. Portillo were observed and recorded on video participating in a sale of 1,300 grams of cocaine to a confidential informant and an undercover officer.

2.      A search of defendant Portillo after his arrest revealed that he was in unlawful possession of a loaded .25 caliber pistol. Ammunition for this pistol was found in near proximity to the defendants.

3.      The defendants are illegal aliens.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is a preponderance of evidence that defendants' release on any condition or combination of conditions will not reasonably assure their appearance as required and their detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq*.) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Moreover, defendants who are determined to present a serious risk of flight may be detained pursuant to 18 U.S.C. section 3142(f)(2)(A). If there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required, detention is appropriate. 18 U.S.C. § 3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

a.    His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

b.    Past conduct, history relating to drug or alcohol abuse;

c.    Criminal history;

d.    Record concerning appearance at court proceedings;

e.    Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is a preponderance of evidence[1] that release on any condition or combination of conditions will not reasonably assure their appearance as required and their detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  The offense charged involves large quantities of cocaine with the intent to distribute.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendants are illegal aliens.

**The weight of the evidence.**  The weight of the evidence is strong.  The defendants were observed and recorded by video engaging in a transaction for large

---

[1] See United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996).

amounts of cocaine.  An unregistered .25 caliber pistol was found on defendant Portillo, and there is evidence that defendants were in possession of ammunition.

**History relating to drug or alcohol abuse.**  No evidence was presented of prior drug or alcohol abuse.

**Record concerning appearance at court proceedings and prior criminal record.**  No evidence was presented concerning defendants' appearances at court proceedings or their prior criminal records, aside from their illegal entry into the United States of America.

**Whether on probation or parole at the time of the present offense.**  No evidence was presented concerning whether defendants were on probation or parole at the time of the present offense.

In sum, the risk of flight by the defendants is extraordinarily high in light of the severity of the alleged crimes, the weight of the evidence, the defendants' lack of ties to the community, and their illegal entry into this country.  Indeed, the legislative history of the Bail Reform Act speaks precisely of defendants such as these and why there is a rebuttable presumption that they be detained:

> [T]he Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that the drug traffickers often have established ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences. Even the prospect of forfeiture of bond in the hundreds of thousands of dollars has proven to be ineffective in assuring the appearance of major drug traffickers. In view of those factors, the Committee has provided in section 3142(e) that in a case in which there is probable cause to believe that the person has committed a grave drug offense, a rebuttable presumption arises that no condition or

combination of conditions will reasonably assure the appearance of the
person and the safety of the community.

S. Rep. No. 98-225, at 20 (1983).

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendants
should be detained pending trial: (1) the defendants were observed engaging in a
transaction for large amounts of cocaine; (2) an unlicensed .25 caliber pistol was found
on defendant Portillo; and (3) the defendants illegally entered the United States of
America.  I therefore find by clear and convincing evidence that there are no conditions
or combination of conditions I could set which would reasonably assure their appearance
as required.  I will, therefore, order the defendants detained without bond pending trial.


Dated: March 13, 2008                    _____/S/_____
                                         JOHN M. FACCIOLA
                                         UNITED STATES MAGISTRATE JUDGE