**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  08-083 (EGS)** |
| | : | |
| v. | : | |
| | : | |
| **JUAN PORTILLO,** | : | |
| **ALCIDES GUERRA-BAUTISTA,** | : | |
| **LENIN ERAZO,** | : | |
| | : | **Status date: August 13, 2008** |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN PORTILLO'S**
**MOTION FOR SEVERANCE AND POINTS AND AUTHORITIES IN SUPPORT**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby submits this opposition to defendant Juan Portillo's Motion for

Severance.  Joinder is presumed where the charges require the presentation of much of the same

evidence, testimony of the same witnesses, and where the defendants are charged with

participating in the same illegal acts and any possible prejudice to defendant Portillo is

speculative and remote.  Moreover, the defense cannot overcome their heavy burden of

establishing prejudice by a joint trial.

**Statement of Facts**

On March 6, 2008, at approximately 7:10 p.m., an undercover detective from the

Metropolitan Police Department (MPD) along with a confidential informant (CI), met with the

defendants at the intersection of Riggs Road and Chillum Road, NE, Washington D.C.  The CI

had arranged to meet with the defendants to purchase two kilograms of cocaine.  The three

defendants were traveling in two separate vehicles, a pick-up truck and a Toyota Corrolla, and

they followed the detective and CI, who were operating an undercover police van, to a parking

lot in the rear of 5605 2nd Street, NE.

Once there, defendant Erazo got out of his vehicle and entered the front passenger seat of the undercover police van. Speaking Spanish, defendant Erazo instructed defendant Guerra-Bautista to bring the drugs. Defendant Guerra-Bautista picked up a bag from the truck and handed it to Erazo. At that time, defendants Guerra-Bautista and Portillo entered the undercover police van and sat in the second row of seats.

Defendant Erazo handed the bag to the undercover detective who opened it and observed inside several smaller bags containing powder cocaine. Erazo commented on the high quality of the cocaine. Defendant Erazo handed the undercover detective a second bag of powder cocaine, and the CI gave Erazo a quantity of MPD currency to begin counting, while the undercover detective left the van and pretended to go retrieve the rest of the money to complete the transaction. With that, the arrest team converged on the van and arrested the three defendants. A search incident to arrest revealed that defendant Portillo had a .25 caliber pistol inside of his left boot. Officers also recovered rounds of .25 caliber ammunition on the floor of the backseat of the van. The white powder was sent to the Drug Enforcement Administration for analysis and was revealed to be approximately 1383 grams of cocaine hydrochloride.

**Procedural Background**

A federal grand jury handed down a two-count indictment on March 27, 2008, charging each defendant with Unlawful Distribution of 500 Grams or More of Cocaine, and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense.

**Motion to Sever Defendants**

Defendant Juan Portillo has moved to sever the defendants' trials, which defendant Guerra-Bautista joined. Defendant Portillo argues that the evidence against his client is *de minimis* and thus his client would be prejudiced by a joint trial. See Defendant Juan Portillo's Motion for Severance, at 1. As set forth below, this claim is without merit, and the Court should not sever the joint trial.

### 1.     The Defendants are Properly Joined and Established Principles Governing Joint Trials Militate Against Severance

Any analysis of the defendant's severance motion begins with Federal Rule of Criminal Procedure 8(b), which controls joinder of both offenses and defendants. See United States v. Wilson, 26 F.3d 142, 153 n.4 (D.C. Cir. 1994), cert. denied, 514 U.S. 1051 (1995). Rule 8(b) permits joinder of two or more defendants if they are alleged to have participated in the same "acts or transactions connected together or constituting parts of a common scheme or plan." United States v. (Warren) Brown, 823 F.2d 591, 598 (D.C. Cir. 1987) (quoting United States v. Perry, 731 F.2d 985, 990 (D.C. Cir. 1984)). In other words, "joinder is appropriate if there is 'a logical relationship between the acts or transactions' so that a joint trial produces a 'benefit to the courts.'" United States v. Spriggs, 102 F.3d 1245, 1255 (D.C. Cir. 1996), cert. denied, 522 U.S. 831 (1997) (quoting Perry, 731 F.2d at 990).

This Circuit construes Rule 8 broadly in favor of joinder. United States v. Richardson, 167 F.3d 621, 624 (D.C. Cir. 1999) ("Joint trials are favored . . . 'The joinder presumption is especially strong where . . . the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve . . . defendants who are charged, *inter*

*alia*, with participating in the same illegal acts.'") (quoting United States v. Ford, 870 F.2d 729,

731 (D.C. Cir. 1989), cert. denied, 528 U.S. 895 (1999)); United States v. Gibbs, 904 F.2d 52, 56

(D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred,

given the heavy and increasing criminal case load  in our trial courts"); United States v. Perry,

731 F.2d at 991; United States v. Jackson, 562 F.2d 789, 796-97 (D.C. Cir. 1977); United States

v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied, 406 U.S. 975 (1972).  In short, "a

substantial public interest supports joint trials."  United States v. Friedman, 445 F.2d 1076, 1082

(9th Cir.), cert. denied, 404 U.S. 958 (1971).[1]

Though defendants are not charged as co-conspirators, the rationale favoring joint trials

where all defendants engage in a common criminal enterprise, is the same.  Severance should be

the rare exception rather than the rule.  "Rarely, if ever, will it be improper for co-conspirators to

be tried together."  United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)(citations

omitted), cert. denied, 516 U.S. 1137 (1996).  This is true even if all the defendants are not

charged in each, or all, of the substantive counts.  Schaffer v. United States, 362 U.S. 511, 512-

13 (1960); United States v Leach, 613 F.2d 1295, 1303 (5th Cir. 1980).  Nor is severance

appropriate simply because all of the defendants did not participate in all phases of the

---

[1]As the Court of Appeals for this Circuit has stated:

> [Joinder] expedites the administration of justice, reduces the
> congestion of trial dockets, conserves judicial time, lessens the
> burden upon citizens who must sacrifice both time and money to
> serve upon juries, and avoids the necessity of recalling witnesses
> who would otherwise be called upon to testify only once.

United States v. Robinson, 432 F.2d 1348, 1351 (D.C. Cir. 1976).  See also United States v.
Bruner, 657 F.2d 1278, 1289-90 (D.C. Cir. 1981); United States v. Mack, 466 F.2d 333, 337
(D.C. Cir. 1972), cert. denied, 409 U.S. 952 (1972).

conspiracy, or because one defendant's role in the conspiracy was smaller or less important than another's.  Blumenthal v. United States, 332 U.S. 539, 556-57 (1947); United States v. Leach, 613 F.2d at 1299; United States v. Nersesian, 824 F.2d 1294, 1304 (2d Cir. 1987), cert. denied, 484 U.S. 957 (1987); United States v. Perholtz, 657 F.Supp. 603 (D.D.C. 1986) (defendants need not be equally involved before they may be tried together); United States v. Ianniello, 621 F. Supp. 1455, 1477-78 (S.D.N.Y. 1985) (the fact that defendant plays minor role in RICO conspiracy does not entitle him to severance), aff'd, 808 F.2d 84 (2d Cir. 1986), cert. denied, 483 U.S. 1006 (1987).  See also United States v. Diallo, 29 F.3d 23, 28 (1st Cir. 1994) (severance not appropriate where multiple trials would require "repetitive use of most of the same evidence and same facts.").

Where defendants are properly joined, a district court can grant severance under Federal Rule of Criminal Procedure 14, but "only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993). "The defendant seeking severance must demonstrate a 'specific and compelling prejudice that resulted in an unfair trial and such prejudice must be of a type against which the trial court was unable to afford protection.'" United States v. Causey, 185 F.3d 407, 416 (5th Cir. 1999), cert. denied, 530 U.S. 1277 (2000) (quoting United States v. Pena-Rodriguez, 110 F.3d 1120, 1128 (5th Cir. 1997); see United States v. Lopez, 898 F.2d 1505, 1510 (11th Cir. 1990);  United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986) (providing that the movant "must show more than 'merely that a separate trial would offer him a better chance of acquittal'"); United States v. Alvarez, 755 F.2d 830, 857 (11th Cir.), cert. denied, 475 U.S. 905 (1985).  The movant has the

"difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." United States v. Panza, 750 F.2d 1141, 1149 (2d Cir. 1984).

Further, the Supreme Court has cautioned that "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro, 506 U.S. at 538-39. Hence the test for determining "compelling prejudice" is the jury's ability to follow the trial court's instructions and separate evidence relating to each defendant. United States v. Cross, 928 F. 2d 1030, 1039 (11th Cir. 1989), cert. denied, 502 U.S. 985 (1991); see also United States v. Leavitt, 878 F.2d 1329, 1339 (11th Cir.), cert. denied, 493 U.S. 968 (1989). In other words, where adequate instructions are available, a defendant cannot make out compelling prejudice. United States v. West, 877 F.2d 281, 288 (4th Cir.), cert. denied, 493 U.S. 959 (1989). Generally therefore, limiting instructions will cure any potential prejudice to a defendant by having a joint trial. Zafiro, 506 U.S. at 539.

Defendant's reliance on Mardian is misplaced. In that case, appellant was convicted of conspiracy to obstruct justice and the Court of Appeals for the District of Columbia reversed the conviction. The reversal was based on two factors primarily: appellant's lead counsel became ill and was hospitalized, and the government did not object to the severance. United States v. Mardian, 546 F.2d 973, 979 (D.C. Cir. 1976). The Court noted that "the evidence against Mardian was not as strong as that marshalled against his co-defendants;" nevertheless, prior to appellant's counsel falling ill the Court opined that the disparity of evidence, alone, was not enough of a justification requiring severance. Id. Moreover, Mardian was charged with conspiracy and the bulk of the evidence at trial was centered on events that occurred after he

6

stopped being an active participant.  Id. at 978.  In the instant case, the facts are discrete and cannot be told without discussing the defendant's role among the three charged co-defendants. In fact, the story is incomplete without necessarily detailing what each defendant did in relation to each other and the narcotics involved.

  While the defense speculates about the potential prejudice, the government contends this is as undemanding a fact pattern as one can find in a district court multi-defendant drug trial. Moreover, this case involves three defendants, while other courts have found it proper to try multiple co-defendants in a single trial.  See, e.g., Zafiro, supra. (four co-defendants tried together found proper).  Finally, as always, the Court must balance the risk of prejudice to the defendant against the strong interests of judicial economy.  United States v. Butler, 822 F.2d 1191, 1194 (D.C. Cir. 1987).

  **2.**  **The Severance Motion Should Be Denied Because The Defendant Has Not Identified "Specific and Compelling" Prejudice Necessary To Overcome The Benefits Of A Joint Trial**

  Notwithstanding the firmly established principles governing joint trials that militate against severance, the Court should not sever the joint trial because Defendant Portillo has not established the specific and compelling prejudice required for severance.  In severance cases, the movant shoulders the " difficult burden of showing that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials."  Panza, 750 F.2d at 1149.  In the instant case, the defendant does not cite any specific prejudice that attaches to him as the result of joint trial.  It is especially noteworthy that the same evidence would be presented at a joint trial as at separate trials for each defendant.

  All three defendants are charged with Unlawful Distribution of 500 Grams or More of

7

Cocaine, and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense. See Indictment, filed March 27, 2008. The prosecution will prove at trial that the defendants combined to distribute the cocaine identified in Count One. Thus, they are charged in the "same act or transaction" under Rule 8(b). Count One identifies the joint conduct in which the defendants engaged and it is sufficient to support a joint trial. When defendants are charged with joint conduct, there is a presumption that the defendants indicted together should be tried together. United States v. Lane, 474 U.S. 438, 447 (1986); United States v. Thornton, 1 F.3d 149, 152-53 (3rd Cir.), cert. denied, 510 U.S. 982 (1993); United States v. Paulino, 935 F.2d 739, 751 (6th Cir.), cert. denied, 502 U.S. 914 (1991).

## **CONCLUSION**

The preference for joint trials of co-defendants who are indicted together has not been overcome in this case. Severance would create a burden on the court and the government's resources by requiring the government to call the same witnesses, a jury to hear the same evidence, the Court to make the same evidentiary rulings, and witnesses to be subject to the same direct and cross. The defendant has not shown that there would be any difference in the evidence presented at a joint trial and the evidence presented at separate trials. Any potential prejudice to defendant Portillo is remote. Further, any prejudice is easily cured by a limiting instruction.

WHEREFORE, for the reasons stated above and any others that may be adduced at a hearing on this matter, the United States respectfully submits that defendant's motion for severance should be DENIED.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

____/S/_____
ERIC P. GALLUN
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
Bar No. 462025
555 4th Street, N.W.  #4122
Washington, DC 20530
(202) 514-6997
Frederic.Gallun@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. 08-083 (EGS)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **JUAN PORTILLO,** | **:** | |
| **ALCIDES GUERRA-BAUTISTA,** | **:** | |
| **LENIN ERAZO,** | **:** | |
| | **:** | **Status date: August 13, 2008** |
| **Defendants.** | **:** | |

### ORDER

 Upon consideration of Defendant Juan Portillo's Motion for Severance, the Government's

response thereto, it is hereby **ORDERED** that the defendant's motion for severance is hereby

**DENIED**.


_____
Emmet G. Sullivan
United States District Court
for the District of Columbia

Date: _____, 2008